UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHELLE DAWN COPELAND                               PLAINTIFF

VS.                             CIVIL ACTION NO. 4:10CV20TSL-LRA

MISSISSIPPI BAND OF CHOCTAW INDIANS
d/b/a SILVERSTAR RESORT                                  DEFENDANT

<u>ORDER</u>

This cause is before the court on the motion of defendant Mississippi Band of Choctaw Indians d/b/a Silverstar Resort, to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, to dismiss on the basis that of Tribal sovereign immunity, or in the further alternative, to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff Michelle Copeland, who has filed this cause pro se, has not responded to the motion. A review of plaintiff's complaint confirms the absence of federal jurisdiction. Plaintiff purports to based jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Defendant is correct that there is no jurisdiction over this cause based on diversity since defendant Tribe is not considered to be a citizen of any state for purposes of diversity jurisdiction,[1] or, if not a

---

[1] As defendant notes, while there are no Fifth Circuit cases on the issue, other courts to have addressed the issue have consistently held that Indian tribes are not citizens of the states in which they are located for purposes of determining whether diversity jurisdiction exists. <u>See</u>, <u>e.g.</u>, <u>Auto Owners Co. v. Tribal Court of the Spirit Lake Indian Reservation</u>, 495 F.3d

stateless entity, is a citizen of Mississippi, like the plaintiff, so that complete diversity of citizenship is lacking.  Further, while the complaint, in which she charges sexual harassment during her employment with defendant, plaintiff has not purported to base her complaint on any federal law, and in fact, she appears to specifically disclaim reliance on Title VII, which is inapplicable to defendant in any event, see 42 U.S.C. § 2000e(b) (excluding "Indian Tribes" from definition of "employer" under Title VII); Thomas v. Choctaw Management/Services Enterprise, 313 F.3d 910 (5th Cir. 2002) (unincorporated business venture wholly owned by Indian tribe held exempt from liability under Title VII; unincorporated tribal enterprise has same Title VII status as the tribe itself).

For these reasons, it is ordered that defendant's motion to dismiss is granted.

SO ORDERED this 25th day of June, 2010.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

1017 (8th Cir. 2007); Garcia v. Akwesasne Housing Auth., 268 F.3d 76, 80, n.1 (2d Cir. 2001); Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 27 (1st Cir. 2000); American Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.2d 1091 (9th Cir. 2002); Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993); Mae Louise Victor v. Grand Casino-Coushatta, et al., Civ. No. 2:02-CV-2348 (W.D. La. June 27, 2003) (in removed case, holding that "an Indian tribe is not considered to be a citizen of any state for purposes of diversity jurisdiction" so that joinder of Coushatta Tribe of Louisiana destroyed complete diversity).

2